*191
 
 O’NIELL, O. J.
 

 This is a suit to compel the defendant to carry out a written agreement to buy from the plaintiff, for $4,493.60, a tract of land said to contain 112.34 acres, in headright 39, in T. 7 S.', R. 11 B., in St. Tammany parish. The agreement was to pay $40 an acre for the 112.34 acres, making $4,-493.60, of which the defendant paid $448 in cash when the agreement was signed. She was allowed 30 days in which to examine the title, “and if found free from all incumbrances” was obliged to pay the balance, $4,045.60, on the signing of the deed.
 

 The defendant, answering the suit, pointed out that the title tendered by the plaintiff was defective in several particulars and was not such a title as she should be compelled to accept; hence she prayed that the plaintiff’s demand should be rejected and, by way of reconvention, demanded the return of the $448 which she had paid.
 

 The district court gave judgment for the plaintiff; from which the defendant has appealed.
 

 The issue appears to be squarely presented that if the title tendered by the plaintiff is free from the danger of serious litigation the defendant is bound to accept it and to pay the balance of the price agreed upon; whereas, if the title is apt to be the subject of serious litigation some day, the defendant is not bound to accept it, and is entitled to a return of the $448 which she paid. This is not a case where the defendant has repented of a bad bargain and is trying to recede from it. She is anxious to carry out the bargain if, in our judgment, the title is such as she should be compelled to accept; but she is not willing to assume the risk without a decree of this court compelling her to assume it.
 

 The plaintiff bought from Mrs. Fannie Kuntz, residing in Venice, Gal., on the 18th of July, 1927, for $1,600 cash, a tract of land described by a survey showing the courses and distances, said to contain 80 acres, .more or less, in section or headright 39, in T. 7 S., R. 11B., in St, Tammany parish. Mrs. Kuntz acquired title by the last will and testament of her mother, Mrs. Fannie Webber, who resided in Irwindale, Gal., and whose will was admitted to probate by the superior court in and for Los Angeles county, Gal., on the 4th of April, 1927. Mrs. Fannie Webber claimed title by virtue of a tax sale made on the 13th of June, 1914, for taxes amounting to $3.20, assessed in the name of W. Miller, for the year 1913, the land being described in the tax deed as “80 acres of land in H. R. 39, 7/11, situated in ward 4, parish of St. Tammany, La.”
 

 The defendant contends that the tax sale to Mrs. Webber was invalid, first, because the land did not belong to any one named W. Miller, and, second, because the description in the tax deed was too vague to identify any •particular part of headright 39, the total area of which was more than 400 acres.
 

 There is no record of a title in any one named W. Miller, and it is conceded that the land was never owned by W. Miller. It is claimed by the plaintiff that, at the time of the tax sale to Mrs. Webber, the land belonged to Mrs. Mary Miller, widow of William Miller. There was no deed of record in the name of Mrs. Mary Miller, or Mrs. William Miller, when this suit was tried. There was a deed by which Mrs. Mary Miller, widow of William Miller, sold to Mrs. Anna M. Hall, on the 26th of February, 1872, a half interest in a tract of land described as “106 acres purchased from James Spell, as per survey by Matthew Dicks.” The deed from James Spell was said to be an act under private signature, dated June 8, 1868, which was said to be annexed to the deed from Mrs. Miller to Mrs. Hall; but no such instrument was on record, or annexed to the deed from Mrs. Miller to Mrs. Hall. It is said in the brief filed on behalf of the plaintiff that the original deed under private signature from James Spell to Mrs. Miller was found after
 
 *193
 
 this case waá tried; but no motion has been made to remand or reopen the case for the introduction of the document in evidence; hence we have no knowledge of its contents. Besides, there was no recorded title in James Spell. The only evidence of such a title was a declaration made in a deed by which Mrs. Julia Waters Marchon sold to Mrs. Anna Marchon Caillot, on May 12, 1860, a tract of land containing 320 acres, in which deed it was said that the purchaser was to transfer to James Spell ‘TOO acres on the north of said tract of land and the angle on the east side.”
 

 The parish surveyor testified that he had surveyed all of the land in headright 39, and, by the process of elimination, located the tract containing 112.34 acres remaining as the property of Mrs. Mary Miller, widow of William Miller, at the time of the tax sale to Mrs. Webber. Inasmuch as Mrs. Miller then owned no other land in headright 39, the description in the tax deed, “SO acres of land in H. It. 39, 7/11,” might be deemed sufficient to identify Mrs. Miller’s 112.34 acres in the headright if the assessment had been made in her name; but the fact is that the assessment was made in the name W. Miller, who did not own any land in headright 39. Therefore, in order to pronounce the tax title valid, we would have to assume not only that the assessment made in the name W. Miller was intended to be an assessment of the property of Mrs. Mary Miller, widow of William Miller, but also that the description, “SO acres of land in EC R. 39, 7/11, was intended to describe the tract of 112.34 acres in head-right 39, T. 7 S., R. 11. E., because that was the only land claimed by Mrs. Miller in that headright.
 

 On the 5th of October, 1927, the plaintiff in this suit brought a suit entitled “H. Carlyle Voss v. William Miller et al.,” in the district court of St. Tammany parish, to confirm his tax title, in which suit he averred that William Miller and his wife were, to the best of his knowledge and belief, dead, and that, after diligent search, he was unable to locate their heirs. He prayed for and obtained the appointment of an attorney to represent the Millers if living, and to represent their heirs if William Miller and wife were dead. The attorney so appointed answered the suit by denying every allegation in the petition, except the allegation that the appointment of an attorney to represent the absent defendants was necessary. On the showing made, and on proof of the proper location of the land by a surveyor, the court gave judgment, on the 13th of October, 1927, confirming the tax title. We doubt very much that the proceedings against the attorney appointed to represent the absentees, William Miller and wife, or their heirs, improved the tax title in any way.
 

 It may be that the plaintiff’s title should prevail in a contest between him and the heirs of Mrs. Mary Miller; but the record in this case would not warrant our prejudging and foreclosing whatever claim they may have, without allowing them a hearing. We agree with the defendant that the title tendered her is not such as she should be compelled to accept.
 

 The judgment appealed from is annulled, the plaintiff’s demand is rejected, and it is ordered, adjudged and decreed that the defendant, Miss Augusta Zetzman, recover of and from the plaintiff, H. Carlyle Voss, the sum of $448, and that he pay the costs of this suit.
 

 ST. PAUL, J., dissents.